# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN ANDRADE-MORA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-875-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Martin Andrade-Mora appeals his thirty-month sentence for illegal reentry into the United States. He argues that his sentence is both procedurally and substantively unreasonable. Finding no error in the district court's sentence, we affirm.

First, Andrade-Mora challenges the district court's assessment of an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) based on his 1994

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40673

Washington conviction for delivery of a controlled substance as "patently unfair" because that conviction was too stale to receive criminal history points. Andrade-Mora does not meaningfully explain this argument or support it with authority, however, and he has therefore forfeited this issue. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.").

Second, Andrade-Mora contends that the presentence report (PSR) was "completely wrong and misleading" in its description of his 1994 Washington conviction because the state court departed downward in sentencing him and because the offense was assigned no criminal history points. This assertion is baseless, as the PSR provided the actual sentence imposed by the state court and noted that no history points were assigned for this offense.

Third, Andrade-Mora maintains that he wrongly received criminal history points for his 2001 Washington conviction for unlawful possession of a firearm because the conviction took place more than fifteen years prior to the commission of the instant offense. This contention is plainly untrue, as Andrade-Mora committed the instant offense in 2015, less than fifteen years after his state conviction for unlawful possession of a firearm.

Finally, Andrade-Mora argues that the district court erred in denying a downward variance. He notes that while the district court based its decision on his "extensive immigration history," he only had two prior convictions for illegal reentry. We review Andrade-Mora's sentence for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). His within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The record reflects that the district court made an individualized assessment of the facts of the case in light of the sentencing factors enumerated in 18

No. 16-40673

U.S.C. § 3553(a).  *See Gall*, 552 U.S. at 49-50.  This individualized assessment properly included consideration of Andrade-Mora's prior convictions.  *See* § 3553(a)(1), (2); U.S.S.G. § 1B1.4.  We find no abuse of discretion in the district court's refusal to apply a downward variance in imposing a sentence for Andrade-Mora's third illegal reentry conviction.

Accordingly, the district court's sentence is AFFIRMED.